**MARY FRANCES PREVOST** (SBN 157782)
The Emerald Plaza
402 West Broadway, Suite 950
San Diego, California 92101
Tel: (619) 692-9001
Fax: (619) 255-0726
Email: Mfprevost@aol.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON ROBINSON, DANTE HARRELL, <br><br> Plaintiffs, <br><br> v. <br> CITY OF SAN DIEGO, CHIEF OF POLICE WILLIAM LANDSDOWNE, Officer D. McClain #6013, individually and as a peace officer, Officer A. SAVAGE #6059, individually and as a peace officer, Officer SACCO #6514, individually and as a peace officer, individually and as a peace officer, Officer DOBBS #5228, individually and as a peace officer, Officer DODD #5229, individually and as a peace officer, and DOES 1-50, inclusive. <br><br> Defendants. | No.   **'11 CV 0876 AJB  WVG** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Violation of Civil Rights (42 U.S.C. §1983) <br> 2. *Monell Claim* (42 U.S.C. §1983) <br> 3. Violation of 42 U.S.C. §1985(2) <br> 4. Violation of 42 U.S.C. §1985(3) <br> 4. Assault and Battery <br> 5. False Arrest/Imprisonment <br> 6. Conspiracy <br> 7. Torts in Essence <br> 8. Intentional Infliction of Emotional Distress <br> 9. Negligence <br> 10. Negligent Employment/Supervision <br> 12. Cal. Civil Code §51.7, 52.1 <br><br> **DEMAND FOR JURY TRIAL** |

## JURISDICTION

Jurisdiction of this court is invoked under 28 U.S.C. §§ 1343, (1), (2), (3) and (4).  This action at law for money damages arises under Title 42 U.S.C. §Section 1983 and §1985, and the United States Constitution, the laws of the

State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. At all times herein mentioned, Plaintiffs SHANNON ROBINSON and DANTE HARRELL, were residents of the County of San Diego, California.

2. At all times herein mentioned, Defendants officers MCCLAIN, VALDEZ, SACCO, SAVAGE, DODD, DOBBS, and HERNANDEZ, individually and as peace officers and DOES 1-50 were and are employees of the City of San Diego and the San Diego Police Department.

3. Defendant CITY OF SAN DIEGO, (hereinafter referred to as "CITY") is and at all times herein mentioned has been a public entity and an incorporated county duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the San Diego Police Department, and particularly said Department's Patrol, Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff, and their tactics, methods, practices, customs and usages.

4. Defendant WILLIAM LANDSDOWNE was the Chief of Police of Defendant CITY OF SAN DIEGO, and agent of Defendant CITY OF SAN DIEGO. Plaintiffs are informed and believe and based upon that allege that Defendant LANDSDOWNE is responsible for implementing, maintaining, sanctioning, or condoning policies, practices, and customs, under which the other Defendants committed illegal or wrongful acts that are complained of in this lawsuit. By reason of these policies, practices, and customs, Defendant LANDSDOWNE is liable for the damages that resulted.

5.      Plaintiffs are informed and believe and thereon allege that each of the Defendants designated as a DOE is intentionally responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 50, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names and will be added to this action as provided by California Code of Civil Procedure Section 484.

6.      Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

7.      The incidents complained of began in the City of San Diego, near or at 3500 University Avenue on March 30, 2010 when SAVAGE asked MCCLAIN to run the license plate of the automobile of an African American couple in a Pontiac Sunfire.  They were in an area of San Diego populated primarily by minorities, and considered a "high crime" area.  MCCLAIN ran the plate, and it came back to a Honda. MCCLAIN and SAVAGE followed the Plaintiffs for several blocks before putting on his overhead lights and pulling them over. MCCLAIN radioed the license plate number of the Sunfire to dispatch to alert them that they had stopped the Sunfire. Dispatch radioed back that the plate belonged to a Sunfire. MCCLAIN had initially provided the wrong license plate number to dispatch.

SAVAGE approached the stopped vehicle occupied by plaintiffs and a passenger.  Before SAVAGE reached plaintiffs, MCCLAIN alerted him that the stop was a mistake.  SAVAGE approached the plaintiffs anyway, demanded they roll down their windows, and demanded the driver, Plaintiff DANTE HARRELL, produce his driver's license and registration.

HARRELL asked SAVAGE why he had been stopped, and why he was demanding his driver's license and registration. SAVAGE refused to respond.
///

1   SAVAGE told MCCLAIN to get identification from the passenger, Plaintiff
2   SHANNON ROBINSON.  HARRELL recording the incident on his cell phone.
3   ROBINSON was in the process of calling 911 on her cell phone to report the
4   unlawful stop and ensuing harassment. MCCLAIN ordered ROBINSON to produce
5   her identification.  ROBINSON declined and told MCClAIN she was talking to his
6   supervisor.  MCCLAIN ordered ROBINSON to exit the vehicle.   ROBINSON
7   declined.  MCCLAIN reached into the open window and grabbed ROBINSON and
8   told ROBINSON she was under arrest.  HARRELL reached over ROBINSON and
9   put his hand on the door lock so that MCCLAIN could not open the door.
10  MCCLAIN ripped HARRELL's hand off the door lock.   HARRELL grabbed
11  ROBINSON to protect her.  MCLAIN made an emergency radio call asking for
12  backup.

13      Savage began attacking grabbing at HARRELL who was still holding
14  ROBINSON.  MCCLAIN pepper sprayed HARRELL in the face. MCCLAIN also
15  sprayed ROBINSON.  SAVAGE then pepper sprayed ROBINSON in the face.
16  MCCLAIN radioed for "urgent cover."

17      SACCO arrived.  SACCO and SAVAGE tried to pull HARRELL out
18  of his car.  HARRELL leaned over to try to stop MCCLAIN from dragging
19  ROBINSON out of the car.  HERNANDEZ arrived and went to the passenger side
20  of the car where ROBINSON was still seated.  HERNANDEZ and MCCLAIN
21  yelled at ROBINSON 'Get out of the car."  MCCLAIN yanked ROBINSON out of
22  the car and ordered her to get on the ground repeatedly.  ROBINSON refused.
23  MCCLAIN threw ROBINSON to the ground and HERNANDEZ put ROBINSON
24  in handcuffs.  Meanwhile, SACCO began tasering HARRELL.  Then SAVAGE
25  tasered HARRELL.

26      Defendants DOBBS and DODD were tasked with identifying witnesses at the
27  scene and collecting eyewitness statements. DOBBS and DODD found witnesses
28  favorable to Plaintiffs, but declined to take their statements or obtain their name,

4

1   address and telephone numbers for future reference, thereby causing the destruction
2   of exculpatory.

3        HERNANDEZ handcuffed ROBINSON.  HARRELL was also handcuffed.
4   Both were arrested and taken to the station for booking. 5

5        8.     In an effort to conceal this unlawful conduct, MCCLAIN, VALDEZ,
6   SACCO, SAVAGE, SACCO, DODD, DOBBS, and  HERNANDEZ fabricated a
7   crime and arrest report in they falsely reported Plaintiffs had violated Penal Code
8   section 148 and named police officers as the alleged victim of the 148 violation.

9        9.     Upon being informed of Plaintiffs accusations against Defendants and
10  DOES 1-50, an administrative investigation was commenced which exonerated
11  MCCLAIN, VALDEZ, SACCO, SAVAGE, SACCO, DODD, DOBBS, and
12  HERNANDEZ, and  DOES 1-50 from all wrongdoing notwithstanding the fact that
13  the investigation disclosed MCCLAIN, VALDEZ, SACCO, SAVAGE, SACCO,
14  DODD, DOBBS, and  HERNANDEZ, and DOES 1-50 had violated the law,
15  department policy and the plaintiffs constitutional rights.

16                        **FIRST CAUSE OF ACTION**
17       **(42 U.S.C. § 1983 VIOLATION OF CIVIL RIGHTS - EXCESSIVE**
18       **FORCE, FALSE ARREST, AND CONSPIRACY TO DEPRIVE CIVIL**
19                                **RIGHTS)**
20            **(By Plaintiffs Against All Individual Defendants)**

21       10.    Plaintiffs refer to and replead each and every allegation contained in
22  paragraphs 1 through 9 of this complaint, and by this reference incorporates the
23  same herein and makes each a part hereof.

24       11.    This action at law for money damages arises under Title 42 U.S.C. §
25  1983 and the United States Constitution, the laws of the State of California and
26  common law principles to redress a deprivation under color of state law of rights,
27  privileges and immunities secured to Plaintiffs by said statutes, and by the First,
28  Fourth, and Fourteenth Amendments of the United States Constitution.

12.     Commencing at or about the aforementioned dates and places, without cause or justification, and acting under color of law, the individual defendants and DOES 1-50, and each of them, intentionally and maliciously deprived Plaintiff of rights secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution. Defendants subjected plaintiff to excessive and unreasonable force and to an unlawful arrest and booking, conspired together to justify the unlawful uses of force, illegal detentions and arrest of the plaintiff and thereby deprive plaintiff of rights secured to him by the federal constitution.

13.     Defendants, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiff of his rights against unreasonable searches and seizures, due process, by participating in a corrupt effort to conceal the violation of plaintiff's rights with manufactured facts supported by defendants.

14.     As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to his nervous systems, fear, anxiety, torment, degradation and emotional distress.

15.     By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff incurred medical and therapeutic expenses in an amount as proved.

16.     In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was kept from attending to his usual occupation, and have suffered loss and impairment of earnings and employment opportunities all to their damage in an amount as proved.

17.     By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorneys fees.

18.     The aforementioned acts and omissions of Defendants were committed

by each of them knowingly, wilfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiffs with a conscious disregard of Plaintiffs constitutional rights and by reason thereof, Plaintiffs seek punitive and exemplary damages from Defendants, and each of them, (except Defendant CITY) in an amount as proved.

**SECOND CAUSE OF ACTION**

**(UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983)**

**(By Plaintiffs Against Defendant City and Landsdowne)**

19.    Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 18 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

20.    Defendant CITY is and at all times herein mentioned has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY is possessed of the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the San Diego Police Department and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file, generally.

21.    At all times herein mentioned, Defendants MCCLAIN, VALDEZ, SACCO, SAVAGE, SACCO, DODD, DOBBS, and HERNANDEZ and DOES 1-50, and each of them, were employees of the City of San Diego and San Diego Police Department acting under the CITY'S and CHIEF LANDSDOWNE'S direction and control, knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth, and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned encouraged (1) the employment, deployment and

retention of persons as peace officers who have a propensity for brutality, dishonesty, bigotry, and numerous other serious abuses of their duties as peace officers in the employment of the CITY.

22.   Defendant CITY knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to fairly and impartially investigate, discipline or prosecute peace officers who commit acts of felonious dishonesty and crimes of violence, each ratified and approved by the CITY.

23.   The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by defendant CITY include, but are not limited to:

(1)   Defendant CITY had knowledge, prior to and since this incident, of repeated allegations of abuse and assaultive misconduct toward detainees and arrestees; Specifically, CITY knew MCCLAIN, VALDEZ, SACCO, SAVAGE, DODD, DOBBS, and HERNANDEZ, and other officers had committed numerous violations of the law under color of law and demonstrated Defendants' unfitness for employment as peace officers but refused to protect public safety and that of the Plaintiffs by failing to discharge and prosecute Defendant's and DOES 1-50. CITY knew SAN DIEGO PD officers including MCCLAIN, VALDEZ, SACCO, SAVAGE, DODD, DOBBS, and HERNANDEZ, , DOES 1-50 and others had in the past and since Plaintiffs' incident, committed similar acts of official dishonesty, corruption and abuse of persons similarly situated to the plaintiffs;

(2)   Defendant CITY had knowledge, prior to and since this incident, of similar allegations of abuse and dishonesty by Defendants, and refused to enforce established administrative procedures to insure the safety of detainees and arrestees;

(3)   Defendant CITY refused to adequately discipline individual officers and employees found to have committed similar acts of abuse and

misconduct;

(4)    Defendant CITY refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by Chula Vista Police Department officers;

(5)    Defendant CITY reprimanded, threatened, intimidated, demoted and fired officers who reported acts of abuse by other officers;

(6)    Defendant CITY covered up acts of misconduct and abuse by CHULA VISTA Police Department officers and sanctioned a code of silence by and among officers;

(7)    Defendant CITY knew of and sanctioned the custom and practice of falsely arresting, booking and charging victims of officer physical abuse with violations of California Penal Code Sections 69, 243, 245, 148 , 415 and 647(f).

(8)    Defendant CITY failed to adequately train and educate officers in the use of reasonable and proper force and failed to enforce the department's written regulations with respect to uses of force;

(9)    Defendant CITY  failed to adequately supervise the actions of officers under their control and guidance;

(10)    Defendant CITY condoned and participated in the practice of prosecuting groundless criminal charges for the purpose of insulating the CITY of CHULA VISTA and its officers from civil liability and reducing or dismissing criminal charges against individuals in return for releasing them from civil liability;

(11)    Defendant CITY condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct by its employees;

(12) Defendant CITY  engages in the custom and practice of refusing to provide public prosecutors and criminal defendants exculpatory and

impeaching evidence  as required by law.

(13) Defendant CITY fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by October 16, 2008 and thereafter, represented the unconstitutional policies, practices and customs of the CITY and San Diego Police Department.

24.    By reason of the aforesaid policies, customs, practices and usages, plaintiffs First, Fourth, and Fourteenth Amendments to the United States Constitution were violated.

### THIRD CAUSE OF ACTION

### ASSAULT AND BATTERY

**(By Plaintiffs against Defendants CITY, MCCLAIN, VALDEZ, SACCO, SAVAGE, SACCO, DODD, DOBBS, and  HERNANDEZ, and DOES 1-50)**

25.    Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 24 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

26.    On or about October 4, 2010 Plaintiffs timely filed a Claim with Defendant CITY pursuant to California Government Code §910.  Said Claim was denied October 27, 2010. .

27.    At the aforementioned date, time and place, Defendants CITY, MCCLAIN, VALDEZ, SACCO, SAVAGE, SACCO, DODD, DOBBS, HERNANDEZ, and DOES 1-50 and each of them, assaulted and battered Plaintiff SHANNON ROBINSON        .

28.    At the aforementioned date, time and place, Defendants CITY, MCCLAIN, VALDEZ, SACCO, SAVAGE, SACCO, DODD, DOBBS, HERNANDEZ, and DOES 1-50 and each of them, assaulted and battered Plaintiff DANTE HARRELL.

29    By reason of the acts aforesaid, both plaintiffs were placed in great fear for their safety and physical and emotional well being.

30.    As a direct and proximate result of the foregoing, Plaintiffs have been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages (except as to Defendant CITY).

## FOURTH CAUSE OF ACTION

### (FALSE ARREST)

### (By Plaintiffs Against Defendants CITY, MCCLAIN, VALDEZ, SACCO, SAVAGE, SACCO, DODD, DOBBS, and  HERNANDEZ, and DOES 1-50)

31.  Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 30 this complaint, and by this reference incorporates the same herein and makes each a part hereof.

32.  On or about March 30, 2010 in the City of San Diego, California, Plaintiffs were caused to be unlawfully seized and arrested by Defendants, and each of them, maliciously and without warrant or order of commitment or any other legal authority of any kind as plaintiff  had not committed any crime or public offense.

33.  As a proximate result of the acts of defendants, and all of them, Plaintiffs suffered damages, loss and harm.

34.    As a direct and proximate result of the foregoing, Plaintiffs have been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages (except as to Defendant CITY).

## FIFTH CAUSE OF ACTION

### CIVIL CONSPIRACY

### (By Plaintiffs Against All Defendants)

35.    Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 34 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

///

36.     Commencing on or about the aforementioned date and time, and thereafter, Defendants, and each of them, combined and agreed to physically assault, falsely arrest, falsely imprison, falsely book, intentionally injure and intentionally cause extreme emotional suffering.   Defendants carried out and perpetrated the mutually supportive agreement to deprive Plaintiffs of rights secured to them under the federal and California constitutions and laws of the State of California, to be free from unreasonable searches and seizures, unjustified force, false arrest, criminal records and unjustified mental suffering.

37.     In furtherance of the aforesaid agreement and combination, defendants CITY, MCCLAIN, VALDEZ, SACCO, SAVAGE, SACCO, DODD, DOBBS, and HERNANDEZ, and DOES 1-50 physically assaulted, injured, falsely arrested plaintiffs, provided false evidence against Plaintiffs to the San Diego City Attorney, including a fabricated story to give the appearance of lawful behavior by defendants and DOES 1-50 and unlawful conduct by Plaintiffs.

38.     Defendants' felonious and unconstitutional acts and omissions as hereinbefore alleged proximately caused Plaintiffs to be damaged.

39.     As a direct and proximate result of the foregoing, Plaintiffs have been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages (except as to Defendant CITY).

## SIXTH CAUSE OF ACTION

### TORTS IN ESSENCE
### (By Plaintiffs Against All Defendants)

40.     Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 39 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

41.     Defendants and each of them, owed to Plaintiffs non-consensual duties set forth in California Penal Code Sections 118.1 (false police report by peace officer), 148.5 (false report of a crime to law enforcement), 134 (preparing false

evidence), 132 (offering false evidence), 127 (subornation of perjury), 137 (induce false testimony), 147 (willful oppression and inhumanity to a prisoner), 149 (felonious excessive force by a peace officer); 182(1) (conspiracy to commit crime), 182(2) (conspiracy to obstruct justice), 240 (assault), and 242 (battery), 832.5, (citizen complaint investigations required); 4024 (prompt release from custody) and Government Code § 1031(d) (background investigations required.)

42.    Defendants, and each of them, failed to abide by said non-consensual duties in that Defendants, and each of them, violated the aforesaid Penal Code sections.

43.    As a direct and proximate result of the foregoing, Plaintiffs have been damaged as recited above and demands and are entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages (except as to Defendant CITY).

## SEVENTH  CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (By Plaintiffs Against All Defendants)

44.    Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 43 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

45.    On or about March 30, 2010 and thereafter, Plaintiffs were  entitled to the duty of due care by Defendants, and each of them,  including but not limited to, care, service and protection.

46.    On or about said date, and thereafter, Defendants and each of them, unlawfully and illegally assaulted, arrested, illegally arrested and booked Plaintiffs in reckless disregard for the natural consequences of their actions and the harm their behavior would cause.

47.    In doing the aforementioned, Defendants' conduct was intentional, outrageous, malicious, and done for the purpose of or with reckless disregard for the

consequences, causing Plaintiffs to suffer emotional suffering and mental distress, physical pain, fear, anxiety, and mental anguish.

48.     As a direct and proximate result of the foregoing, Plaintiffs have suffered, and continue to suffer, mental and emotional distress and is entitled to and demands damages against Defendants jointly and severally, as recited in the First Cause of Action, including, but not limited to general and punitive damages (except as to Defendant CITY).

## EIGHTH CAUSE OF ACTION

### NEGLIGENCE

### (By Plaintiffs Against All Defendants)

49.     Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 48 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

50.     On or about March 30, 2010 and thereafter, plaintiffs were entitled to the duty of due care by Defendants and each of them.

51.     On or about said date, Defendants, and each of them, breached the duty of due care owed to plaintiffs in that defendants negligently subjected plaintiffs to injury harm and damage.

52.     In doing the aforementioned acts, defendants' breach of duty was negligent, and caused plaintiffs to suffer emotional and mental distress, fear, anxiety, and mental anguish.

53.     As a direct and proximate result of the foregoing, plaintiffs have suffered, and continue to suffer, mental and emotional distress and is entitled to and demands damages against defendants jointly and severally, as recited in the First Cause of Action, including, but not limited to general damages.

///

///

///

## NINTH CAUSE OF ACTION

### NEGLIGENT EMPLOYMENT/RETENTION/SUPERVISION
### (By Plaintiffs Against Defendant CITY and LANDSDOWNE)

54.     Plaintiffs refer to and repleads each and every allegation contained in paragraphs 1 through 53 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

55.     On or about March 30, 2010 and for at least seven years prior thereto, Defendant LANDSDOWNE, as an executive officer and later as CHIEF OF POLICE, knew or in the exercise of due care should have known, that Defendants MCCLAIN, VALDEZ, SACCO, SAVAGE, SACCO, DODD, DOBBS, and HERNANDEZ and DOES 1-50, and each of them, had a propensity, character trait, and practice, while purporting to act under color of law, for bigotry and/or violence, and/or dishonesty and/or prevarication.

56.     At all times mentioned herein, Defendant LANDSDOWNE, knew or in the exercise of due care should have known, that the afore described traits of character, practices and propensities of Defendants, and each of them, made them unfit to serve as peace officers and were likely to cause harm and injury to members of the public, including plaintiffs.

57.     Notwithstanding such knowledge, Defendant LANDSDOWNE negligently, carelessly and recklessly, hired, employed, retained and failed to properly supervise, train and control Defendants MCCLAIN, VALDEZ, SACCO, SAVAGE, DODD, DOBBS, HERNANDEZ and DOES 1-50, and each of them, inclusive, as peace officers and assigned said Defendants to duties which enabled each of them to make violate the law and SDPD written policies, including but not limited to making illegal arrests, fabricating probable cause and crimes, maliciously prosecuting innocent persons, using excessive force and covering up repeated acts of police misconduct and crimes, all while purporting to act under the color of law.
///

58.     As a direct and proximate result of the foregoing, Plaintiffs have been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and special damages.

## TENTH  CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA CIVIL RIGHTS ACT

### (By Plaintiffs Against All Defendants)

59.     Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 58 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

60.     On or about the above stated dates, and sometime prior thereto, Defendants and each of them violated Plaintiffs' civil rights, guaranteed by the United States Constitution, federal law, the California Constitution and the laws of the State of California thereby violating California Civil Code Section 52.1(a)(b) and 51.7.

61.     As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiffs suffered damage in a sum according to proof, and is entitled to the damages, statutory damages, treble damages, attorney's fees and costs provided for by Civil Code sections 52 and 52.1.

## PRAYER

WHEREFORE, Plaintiffs pray judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1.     For General damages according to proof;

2.     For Special damages according to proof;

3.     For Punitive damages as provided by law, in an amount to be proved against each individual Defendant;

4.     For attorney's fees pursuant to 42 U.S.C § 1988 and California Civil Code §§52, and 52.1;

1    5.    For Costs of suit;

2    6.    For such other and further relief as the Court may deem proper.

3    DATED:    April 25, 2011          MARY FRANCES PREVOST
4                                      LAW OFFICES OF MARY F. PREVOST

5

6

7                                      _____
                                       By:   Mary Frances Prevost
8                                            Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PLAINTIFFS JURY DEMAND**

2    Plaintiffs hereby demands a trial by jury.

3

4  DATED: April 25, 2011      **LAW OFFICES OF MARY F. PREVOST**

5

6                                   */s/MARY FRANCES PREVOST*
                                   By:   Mary Frances Prevost

7                                       Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

℠JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| SHANNON ROBINSON, DANTE HARRELL | CITY OF SAN DIEGO, et al. |

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Mary Frances Prevost
402 W. Broadway, Ste. 950, San Diego, CA 92101; 619-692-9001

Attorneys (If Known)

'11CV0876 AJB  WVG

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

◻ 1   U.S. Government
　　　Plaintiff

☒ 3   Federal Question
　　　(U.S. Government Not a Party)

◻ 2   U.S. Government
　　　Defendant

◻ 4   Diversity
　　　(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ◻ 1 | ◻ 1 | Incorporated *or* Principal Place of Business In This State | ◻ 4 | ◻ 4 |
| Citizen of Another State | ◻ 2 | ◻ 2 | Incorporated *and* Principal Place of Business In Another State | ◻ 5 | ◻ 5 |
| Citizen or Subject of a Foreign Country | ◻ 3 | ◻ 3 | Foreign Nation | ◻ 6 | ◻ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ◻ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ◻ 610 Agriculture | ◻ 422 Appeal 28 USC 158 | ◻ 400 State Reapportionment |
| ◻ 120 Marine | ◻ 310 Airplane | ◻ 362 Personal Injury - | ◻ 620 Other Food & Drug | ◻ 423 Withdrawal | ◻ 410 Antitrust |
| ◻ 130 Miller Act | ◻ 315 Airplane Product | Med Malpractice | ◻ 625 Drug Related Seizure | 28 USC 157 | ◻ 430 Banks and Banking |
| ◻ 140 Negotiable Instrument | Liability | ◻ 365 Personal Injury - | of Property 21 USC 881 | | ◻ 450 Commerce |
| ◻ 150 Recovery of Overpayment | ◻ 320 Assault, Libel & | Product Liability | ◻ 630 Liquor Laws | **PROPERTY RIGHTS** | ◻ 460 Deportation |
| & Enforcement of Judgment | Slander | ◻ 368 Asbestos Personal | ◻ 640 R.R. & Truck | ◻ 820 Copyrights | ◻ 470 Racketeer Influenced and |
| ◻ 151 Medicare Act | ◻ 330 Federal Employers' | Injury Product | ◻ 650 Airline Regs. | ◻ 830 Patent | Corrupt Organizations |
| ◻ 152 Recovery of Defaulted | Liability | Liability | ◻ 660 Occupational | ◻ 840 Trademark | ◻ 480 Consumer Credit |
| Student Loans | ◻ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ◻ 490 Cable/Sat TV |
| (Excl. Veterans) | ◻ 345 Marine Product | ◻ 370 Other Fraud | ◻ 690 Other | | ◻ 810 Selective Service |
| ◻ 153 Recovery of Overpayment | Liability | ◻ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ◻ 850 Securities/Commodities |
| of Veteran's Benefits | ◻ 350 Motor Vehicle | ◻ 380 Other Personal | ◻ 710 Fair Labor Standards | ◻ 861 HIA (1395ff) | Exchange |
| ◻ 160 Stockholders' Suits | ◻ 355 Motor Vehicle | Property Damage | Act | ◻ 862 Black Lung (923) | ◻ 875 Customer Challenge |
| ◻ 190 Other Contract | Product Liability | ◻ 385 Property Damage | ◻ 720 Labor/Mgmt. Relations | ◻ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ◻ 195 Contract Product Liability | ◻ 360 Other Personal | Product Liability | ◻ 730 Labor/Mgmt.Reporting | ◻ 864 SSID Title XVI | ◻ 890 Other Statutory Actions |
| ◻ 196 Franchise | Injury | | & Disclosure Act | ◻ 865 RSI (405(g)) | ◻ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ◻ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ◻ 892 Economic Stabilization Act |
| ◻ 210 Land Condemnation | ◻ 441 Voting | ◻ 510 Motions to Vacate | ◻ 790 Other Labor Litigation | ◻ 870 Taxes (U.S. Plaintiff | ◻ 893 Environmental Matters |
| ◻ 220 Foreclosure | ◻ 442 Employment | Sentence | ◻ 791 Empl. Ret. Inc. | or Defendant) | ◻ 894 Energy Allocation Act |
| ◻ 230 Rent Lease & Ejectment | ◻ 443 Housing/ | **Habeas Corpus:** | Security Act | ◻ 871 IRS—Third Party | ◻ 895 Freedom of Information |
| ◻ 240 Torts to Land | Accommodations | ◻ 530 General | | 26 USC 7609 | Act |
| ◻ 245 Tort Product Liability | ◻ 444 Welfare | ◻ 535 Death Penalty | **IMMIGRATION** | | ◻ 900Appeal of Fee Determination |
| ◻ 290 All Other Real Property | ◻ 445 Amer. w/Disabilities - | ◻ 540 Mandamus & Other | ◻ 462 Naturalization Application | | Under Equal Access |
| | Employment | ◻ 550 Civil Rights | ◻ 463 Habeas Corpus - | | to Justice |
| | ◻ 446 Amer. w/Disabilities - | ◻ 555 Prison Condition | Alien Detainee | | ◻ 950 Constitutionality of |
| | Other | | ◻ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original
　　Proceeding

◻ 2 Removed from
　　State Court

◻ 3 Remanded from
　　Appellate Court

◻ 4 Reinstated or
　　Reopened

◻ 5 Transferred from
　　another district
　　(specify)

◻ 6 Multidistrict
　　Litigation

◻ 7 Appeal to District
　　Judge from
　　Magistrate
　　Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
42 U.S.C. §1983
Brief description of cause:
Violation of Civil Rights

## VII. REQUESTED IN COMPLAINT:

◻ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ◻ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
04/25/2011

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____