UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON ROBINSON, DANTE HARRELL,<br><br>    Plaintiffs,<br>v.<br><br>CITY OF SAN DIEGO, *et al*.,<br><br>    Defendants. | Civil No. 11-CV-0876-AJB (WVG)<br><br>ORDER IMPOSING DISCOVERY SANCTIONS ON DEFENDANTS FOR FAILURE TO COMPLY WITH COURT'S DISCOVERY ORDERS |

On February 1, 2013, this Court held an Order to Show Cause ("OSC") Hearing which provided Defendants with the opportunity to show cause why sanctions should not be imposed against them for failure to comply with the Court's discovery orders. Present before the Court at the OSC Hearing were Mr. Eugene G. Iredale and Ms. Julia Yoo on behalf of Plaintiffs, and Ms. Jennifer K. Gilman on behalf of Defendants. The Court has reviewed Defendants' Response to the OSC, Plaintiffs' Reply, and listened to the oral arguments asserted by both parties at the OSC Hearing. (Doc. Nos. 45, 50.)

As a result of Defendants' failure to comply with this Court's orders to timely provide Plaintiffs with documents needed to complete their expert report, the Court hereby imposes discovery sanctions upon Defendants pursuant to Federal Rule of Civil Procedure 37. On July 3, 2012, the Court issued a Second Amended Scheduling Order, which set the deadline to provide expert reports for November 16, 2012. (Doc. No. 30 at 2.) Although the deadline for expert reports has expired, Plaintiffs are permitted to submit an expert report from Mr. Roger Clark, on or before <u>March 8, 2013</u>. Defendants remain subject to the discovery deadlines set forth in the Second Amended Scheduling Order. (Doc. No. 30.) Thus, Defendants

will not be permitted to submit an expert report or a supplemental expert report. The reasons for imposing these sanctions are discussed below.

## I. BACKGROUND

On July 3, 2012, this Court issued a Second Amended Scheduling Order, which set deadlines by which the parties had to complete expert witness discovery. (Doc. No. 30.) The deadline to produce expert witness reports was set for November 16, 2012, and the deadline to supplement any expert witness reports was set for November 30, 2012. Id. at 2.

On October 5, 2012, this Court held a Status Conference with counsel for both parties. (Doc. No. 32.) At Plaintiffs' request, the Court ordered Defendants to produce all documents pertaining to prior use of Tasers by the two officers named in Plaintiffs' Complaint. (Doc. No. 32.) Defendants were ordered to produce the Taser documents to Plaintiffs by October 22, 2012. Id. Despite the deadline set by the Court, Defendants failed to produce the Taser discovery. (Doc. No. 36 at 1.)

On December 12, 2012, the parties filed a Joint Motion to Extend the Expert Discovery Deadlines. (Doc. No. 36.) In the Joint Motion, the parties explained that Defendants had not yet provided Plaintiffs with the Taser discovery. Id. at 1. The parties noted that, due to this delay, the experts retained by the parties had not had the opportunity to review the outstanding discovery, and were therefore unable to issue expert reports. Id. The parties requested that the Court extend the discovery deadlines by an additional four weeks to allow Defendants to produce the discovery, and Plaintiffs' expert to subsequently issue a report. Id.

As required by this Court's Chambers Rules, Plaintiff's counsel submitted a Declaration in support of the parties' Joint Motion. (Doc. No. 36-1.) Counsel noted in the Declaration that this Court had ordered Defendants to produce all documents pertaining to prior use of Tasers by the two named officers no later than October 22, 2012. Id. at 2. On October 29, 2012, Plaintiff's counsel received a supplemental privilege log from Defendants, but did not receive the Taser documents. Id. On October 30, 2012, Plaintiff's counsel sent Defense counsel an email requesting the outstanding documents. Id. On November 2, 2012, Plaintiff's counsel drafted a proposed Joint Motion to continue the expert discovery deadlines that were looming and sent it via email to Defense counsel. Id. Defense counsel did not respond. Id. On November 7, 2012, the parties attended a Mandatory Settlement Conference ("MSC") in the undersigned's chambers, and again

discussed the issue of outstanding discovery. Id. Once again, the Court ordered Defendants to provide the outstanding Taser documents to Plaintiffs. Id.

Despite the Court's second order, Defendants failed to provide the Taser documents to Plaintiffs. On November 16, 2012, Plaintiffs' counsel tried unsuccessfully to reach Defense counsel. (Doc. No. 36-1 at 2.) On December 6, 2012, Plaintiffs' counsel sent Defense counsel a letter in an attempt to follow up on the outstanding discovery. Id. On December 10, 2012, Defense counsel left a message with Plaintiffs' counsel that the Taser documents had been sent to Plaintiffs via email on November 23, 2012. Id. However, despite an exhaustive search of the email account, Plaintiffs' counsel was unable to locate any emails related to production of Taser documents. Id. On December 11, 2012, Plaintiffs' counsel sent another letter to Defense counsel, following up on the outstanding discovery. Id. On December 12, 2012, during a telephone conversation, Defense counsel represented that she would send the outstanding discovery to Plaintiffs' counsel via email. Id.

On December 14, 2012, this Court issued an Order denying the parties' Joint Motion to Extend Expert Discovery Deadlines. (Doc. No. 37.) The Court's reasoning centered on the fact that the deadline to produce expert witness reports had expired nearly one month prior to the filing of the Joint Motion, and the supplement expert reports deadline had expired two weeks prior to the filing of the Joint Motion. Id. (Doc. No. 37 at 2.) The parties chose to wait until almost one month after the expiration of discovery deadlines before requesting a continuance. (Doc. No. 37 at 2.) Both parties were clearly aware of the roadblocks described in their Joint Motion well in advance of the filing date, but failed to seek a timely continuance from the Court. (Doc. No. 37 at 2.) The Court noted in its Order that, while Defendants were certainly at fault for failing to comply with the Court's October 5, 2012, Order to produce certain discovery, Plaintiffs had an obligation to ensure that the discovery deadlines were being complied with, and when they were not, to timely bring the dispute to the Court's attention. (Doc. No. 37 at 2.)

On December 14, 2012, the Court also set an OSC Hearing for February 1, 2013. (Doc. No. 37 at 3.) Defendants were ordered to show cause why sanctions should not be imposed for failure to comply with this Court's orders on October 5, 2012, and November 7, 2012, to produce discovery to Plaintiffs. Id. Counsel for both parties were ordered to attend the OSC Hearing. Id. A briefing schedule was set, ordering

Defendants to file a Response to the OSC notice, and allowing Plaintiffs the opportunity to file a Reply to Defense counsel's Response. Id.

On January 4, 2013, Defendants filed a Response to the OSC notice. (Doc. No. 45.) In the Response, they conceded that the Taser documents were provided to Plaintiffs after the deadline imposed by the Court, but that it was an inadvertent oversight. Id. Defendants apologized to the Court and opposing counsel for the "innocent error," assured that there was "no intent to create prejudice to the Plaintiffs," and informed the Court that the Taser documents had been subsequently provided to Plaintiffs. Id. at 3. Defendants also remarked that the failure to include the Taser documents "was corrected following the Court's comments at the November 7, 2012 Mandatary Settlement Conference."[1] (Doc. No. 45 at 3.) Defendants also informed the Court that Defense counsel was involved in an automobile collision on November 30, 2012, and her resulting injury caused "some understandable delays in getting the motions filed." Id.

On January 18, 2013, Plaintiffs hand delivered to the undersigned's chambers a Reply to Defendants' Response to the OSC notice, because the Court's electronic filing system was unexpectedly offline. On January 21, 2013, Plaintiffs electronically filed their Reply. (Doc. No. 46.) Plaintiffs simultaneously filed a Motion to Shorten Time to Permit Plaintiffs to Timely File Their Reply to Defendants' Response to OSC. (Doc. No. 47.) On January 25, 2013, the Court denied without prejudice Plaintiffs' Motion to Shorten Time. (Doc. No. 48.) The Court determined that Plaintiffs' Reply brief was not a Reply to Defendants' OSC Response, but rather, Plaintiffs had essentially filed a motion to compel discovery as to other unfulfilled discovery obligations and violations. Id.

On January 30, 2013, Plaintiffs filed another Reply to the OSC notice. (Doc. No. 50.) In their Reply, Plaintiffs noted that they were "sympathetic to [Defense counsel's] health issues and administrative issues that may have caused the delay in the production of discovery," and indicated that they would not request monetary sanctions against Defendants. (Doc. No. 50 at 1.) However, Plaintiffs indicated that they were seeking evidentiary sanctions for the discovery violations. Id. Plaintiffs argued that they have been severely prejudiced due to the delays in the discovery process and cannot prosecute their claims and present

---

[1] In Defense counsel's Declaration, attached to Defendants' Response to the OSC notice, counsel noted that Plaintiff received the Taser documents on December 12, 2012. (Doc. No. 45-1 at 3.)

evidence relative to the use of the Taser. Id. Plaintiffs stated that, "[t]he repeated fruitless efforts to obtain discovery have created substantially increased and unnecessary work for Plaintiffs' counsel and staff." Id.

Plaintiffs requested "an appropriate remedy to alleviate the prejudge," and asked that the Court order a finding that the use of the Taser was excessive force in this case as a matter of law. (Doc. No. 50 at 1-3.) As an alterative, they requested permission to use their police practices expert, Mr. Clark, to testify at trial. Id. Plaintiffs claimed that sanctions deeming certain disputed issues admitted, and barring the use of certain information, was an appropriate remedy in circumstances involving a discovery violation. Id.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2)(A) permits a court to impose sanctions upon a party for failing to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b)(2)(A) states, "If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Rule 37(b)(2)(A) lists possible sanctions that may include directing that designated facts be taken as established for purposes of the action, prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence, and dismissing the action in whole or in part. Fed.R.Civ.P. 37(b)(2)(A).

"When choosing among possible sanctions, the court should consider a sanction designed to: (1) penalize those whose conduct may be deemed to warrant such a sanction; (2) deter parties from engaging in the sanctioned conduct; (3) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (4) restore a prejudiced party to the same position he or she would have been in absent the wrongdoing." Palmer v. Stassinos, 2007 WL 2288119, 3 (N.D. Cal. Aug. 6, 2007).

## III. ARGUMENT

Plaintiffs argue that there have been consistent delays throughout the discovery process. (Doc. No. 50 at 4.) They timely retained and designated a police procedures expert, Mr. Clark, prior to the expert designation deadline of October 19, 2012. Id. They assert that Plaintiffs' counsel spent a significant amount of time discussing this case with their expert, and compiling documents for his review. Id. Mr. Clark reviewed the police reports, deposition transcripts, audio tapes, and ABEL video of the incident, and was

compensated for his report. Id. However, Mr. Clark requested the Taser information in order to complete his report. Id.

Beginning in October of 2012, Plaintiffs made repeated efforts to obtain the necessary discovery required by their expert. (Doc. No. 50 at 4.) Moreover, on November 2, 2012, Plaintiffs began to make repeated attempts to obtain Defense counsel's consent to file a Joint Motion to extend the expert discovery deadlines due to Defendants' failure to provide the Court-ordered discovery. Id. Plaintiffs assert that all of these efforts were unsuccessful. Id.

In their Reply to the OSC notice, Plaintiffs claim that they reminded Defendants several times that their expert required the Taser documents to complete his report. (Doc. No. 50 at 5.) They contend that, as a "direct consequence" of Defendants' delay and failure to communicate, Plaintiffs will be prohibited from using a police practices expert in this case. Id. Plaintiffs also claim that this gives Defendants a "tactical advantage at trial" because Defendants will be able to put on evidence by San Diego police officers who will testify definitively as to the propriety of the use of force by Defendants, and Plaintiffs will not have an opportunity to rebut that evidence, particularly evidence related to the use of the Taser. Id. Plaintiffs also argue that they will not have the ability to impeach Defendants with a witness who can testify regarding proper police policies, procedures, and training. Id. They claim that, as a result of Defendants' discovery violations, jurors will be left with nothing but testimony that Defendants' conduct in their use of force was proper. Id. Plaintiffs argue that, "Defendants should not be allowed to get a windfall from their own delays and discovery abuses." Id.

Defendants argue that failure to produce the discovery was an inadvertent oversight, and that Defense counsel's car accident contributed to the delays in complying with the Court's orders.

## IV. RULING

Under Rule 37, the Court has wide discretion to fashion remedies for disobeying discovery orders. Fed.R.Civ.P. 37(b)(2)(A). Sanctions can be imposed not only for punishment to the disobeying party, but also for deterrence purposes. Palmer, 2007 WL 2288119, 3. The Southern District of California is an extremely busy judicial district. Delays such as the one present in this case only exacerbate the Court's already full calendar. This Court frequently emphasizes the importance of deadlines and expects full compliance with all deadlines. While the Court recognizes that parties must work together to meet

deadlines, if the parties are unable to resolve an issue through their own diligent efforts, this Court's Chambers Rules require that the dispute be brought to the Court's attention in a timely fashion.

The Court can certainly appreciate Plaintiffs' uncomfortable position of hoping to refrain from airing any dirty laundry before the Court or on the public docket. However, in order to assist with the flow of the discovery process, disputes such as this one must be brought to the Court's attention before the situation becomes more complicated. Here, when the parties brought the discovery issue to the Court's attention, the issue had already become more complicated due to the delays and expiration of deadlines. However, the Court is aware of the critical nature of the Taser reports in this case. In fact, the Taser documents should have been provided to Plaintiffs in August of 2012, in response to Plaintiffs' Requests for Production of Documents ("RFPs"). The documents were not produced, and the Court issued on order requiring their production to occur by October 22, 2012. (Doc. No. 32.) The documents were still not produced. On November 7, 2012, during an MSC in chambers, the Court once again ordered the documents to be produced. The documents were still not produced.

On November 30, 2012, Defense counsel was involved in an automobile collision and, understandably, the brief hospitalization, doctor's appointments, and pain, affected her work schedule. (Doc. No. 45-1 at 3.) While the Court is sensitive to Defense counsel's health issues related to the collision, it must be noted that the car accident occurred after the Court had already ordered Defendants - twice - to produce the Taser documents to Plaintiffs. Therefore, the Court does not accept Defense counsel's automobile collision as a satisfactory explanation for failure to produce the discovery in a timely manner.

The Court does, however, accept Defense counsel's representation that the failure to produce the discovery was not intentional, and was not made in made faith. In order to impose some of the more drastic sanctions available under Rule 37, a finding of bad faith must be made. Hyde & Drath v. Baker, 24 F.3d 1162 (9th Cir. 1994). Plaintiffs are not requesting monetary sanctions, and based on representations made during the OSC Hearing, if they are permitted to use their retained expert, Plaintiff's will not incur additional costs associated with the delay in providing the Taser documents.

As noted above, when choosing among possible sanctions, the Court should consider a sanction designed to, among other things, deter parties from engaging in the sanctioned conduct, and restore a prejudiced party to the same position he or she would have been in absent the wrongdoing. Palmer, 2007

1 WL 2288119, 3. Due to Defendants' failure to provide the Taser discovery, Plaintiffs have been placed in a position where they will not be able to present evidence about proper police procedures, including use of Tasers. Moreover, they will not be able to rebut any such evidence asserted by Defendants. Therefore, in an effort to restore Plaintiffs to the same position they would have been in absent the wrongdoing, this Court will allow Plaintiffs to provide an expert report from Mr. Clark, on or before March 8, 2013.

The Court will not allow Defendants an opportunity to file expert reports, as Defendants have been in possession of all of these documents since the beginning of the litigation, and could have already conducted the work needed to prepare expert reports. Defendants had the opportunity to provide expert reports in a timely fashion, and did not. Therefore, Defendants will be held to the discovery dates set forth in the Second Amended Scheduling Order, filed on July 3, 2012, and the deadline for submitting expert reports has expired. Id. at 2.

## V. CONCLUSION

For the reasons outlined above, this Court hereby orders that Plaintiffs have until March 8, 2013, to provide Defendants with a report by their expert, Mr. Clark. Defendants must adhere to the dates set forth in the Second Amended Scheduling Order. (Doc. No. 30.)

IT IS SO ORDERED.

DATED: February 8, 2013

_____
Hon. William V. Gallo
U.S. Magistrate Judge