UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON ROBINSON, *et al.*, | Civil No. 11-CV-0876-AJB (WVG) |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY |
| v. | |
| CITY OF SAN DIEGO, et al., | |
| Defendants. | [DOC. NO. 51] |

On January 31, 2013, Plaintiffs filed a Motion to Compel Discovery. (Doc. No. 51.) In their Motion, Plaintiffs asked the Court to (1) allow Plaintiffs the use of expert testimony in police practices; (2) quash any subpoena served after the discovery cut-off and forbid the use of any documents discovered as a result of the untimely subpoenas; (3) order un-redacted pages of Internal Affairs ("IA") files be produced to the Court for an *in camera* review; and (4) order the production of outstanding discovery. Id.

On February 1, 2013, Plaintiffs filed a Notice of Lodgment in Support of their Motion to Compel Discovery. (Doc. No. 56.) On February 8, 2013, Defendants filed a Response to Plaintiffs' Motion. (Doc. No. 59.) On February 22, 2013, this Court held a Hearing on Plaintiffs' Motion to Compel Discovery.

The Court has reviewed Plaintiffs' Motion and supporting lodgments, Defendants' Response and supporting exhibits, and listened to the arguments asserted by counsel for all parties during the Motion Hearing. For the reasons set forth below, Plaintiffs' Motion to Compel Discovery is hereby GRANTED in part and DENIED in part.

### A. PLAINTIFFS' USE OF EXPERT TESTIMONY IN POLICE PRACTICES

On February 8, 2013, this Court issued an Order Imposing Discovery Sanctions on Defendants. (Doc. No. 60.) In the Order, the Court allowed Plaintiffs to submit an expert report regarding police practices. Id. at 8. Therefore, as Plaintiffs acknowledged during the Motion Hearing, Plaintiffs' request for use of expert testimony in police practices is now moot.

### B. SUBPOENAS ISSUED AFTER DISCOVERY CUT-OFF DATE

#### 1. BACKGROUND

Plaintiffs claim that, on December 24, 2012, they received a notice of subpoenas from a copy service with a service date of December 26, 2012. (Doc. No. 51 at 1.) Per the Court's Second Amended Scheduling Order, all discovery pertaining to facts was to be completed on or before September 14, 2012. (Doc. No. 30 at 2.) While Defendants concede that, "there may have been some errors by Defendants' vendor," they assert that no subpoenas were sent out in December of 2012. (Doc. No. 59 at 2.) However, Defendants represented to the Court during the Motion Hearing that uncertainty remains as to when the subpoenas were actually issued.

#### 2. RULING

Any subpoenas issued after the fact discovery cut-off date of September 14, 2012, are untimely. Responsive documents, if any, obtained by Defendants as a result of untimely subpoenas, may not be used by Defendants in this litigation.

### C. REDACTED CONCLUSIONS IN INTERNAL AFFAIRS REPORT

Plaintiffs assert that, due to the delay in discovery and consistent communication problems, they agreed with Defendants that they would not request ultimate conclusions

of the IA investigator. (Doc. No. 51 at 3.) However, Plaintiffs claim that, when the reports were provided to them on December 14, 2012, thirty-three pages were redacted in their entirety. Id. Plaintiffs argue that, "[s]imply because the investigator wrote at the top of the page the word 'Conclusions' does not mean that every sentence in [thirty-three] pages constitutes ultimate conclusions regarding liability or fault." Id. at 3-4. Plaintiffs claim that they are entitled to Defendants' analysis and reasoning. Id. at 4. Plaintiffs have requested that the Court conduct an *in camera* review of the redacted pages[1] that Defendants claim to be conclusions. Id.

Defendants simply argue that, "[c]onclusions, impressions, confidential third-party information, and information covered by any other legal privilege were redacted from the documents." (Doc. No. 59 at 5.) During the Motion Hearing, Defense counsel represented to the Court that the thirty-three redacted pages at issue were not the investigator's report, but rather, were pages written by an attorney and protected by the attorney-client privilege.

On February 22, 2013, during the Motion Hearing, and again in a written Order, the Court ordered Defendants to provide the redacted pages at issue for an *in camera* review. (Doc. No. 63.) On February 25, 2013, in compliance with the Court's Order, Defendants delivered copies of the redacted and un-redacted versions of the IA pages at issue to the Court. That same day, Defense counsel filed a Declaration explaining that the IA pages at issue in Plaintiffs' Motion were not covered by the attorney-client privilege as represented by Defendants during the Motion Hearing. (Doc. No. 64.) However, Defense counsel made clear that Defendants, "continue to assert that the documents were properly redacted" in accordance with the agreement made between the parties that conclusions and impressions would be redacted from the documents. Id. at 3.

---

[1] The pages at issue in Plaintiffs' Motion to Compel are Bates stamp numbers 2397 through 2430.

The Court has reviewed the documents *in camera* and HEREBY ORDERS production as indicated in the Attached Exhibit A to this Order.[2]

### D. PRODUCTION OF OUTSTANDING DISCOVERY

In their Motion to Compel, Plaintiffs also notified the Court of several issues related to the production of outstanding discovery. Plaintiffs claims that the majority of the IA discovery which Defendants provided on a single compact disc was mislabeled, the IA reports were missing Taser-related materials, and Defendants failed to produce a compact disc containing a specific U-Stream video. (Doc. No. 51 at 3-4.)

Prior to filing a Response to Plaintiff's Motion to Compel, Defendants produced exact copies of the nineteen original compact discs containing IA files. (Doc. No. 59 at 4.) Defendants provided copies of the individual discs in an effort to show that no files or labels were manipulated when the files were consolidated onto one disc for production. Id. Further, during the Motion Hearing, Defendants represented to the Court and to Plaintiffs that they do not possess a compact disc with a U-Stream video, and Plaintiffs acknowledged that the issue regarding the Taser-related materials had become moot. The Court now finds all of these discovery issues to be moot.

### E. CONCLUSION

The Court hereby GRANTS Plaintiffs' request to quash any subpoena served after the discovery cut-off and forbid the use of any documents discovered as a result of the untimely subpoenas. The Court, having granted Plaintiffs' request to order Defedants to provide the un-redacted pages of the IA report for an *in camera* review, now orders Defendants to produce the un-redacted documents to Plaintiffs in accordance with the attached Exhibit A. While the Court orders all of the documents to be produced, the Court orders redactions as noted in Exhibit A.

Further, Plaintiffs' requests to use expert testimony in police practices and to order the production of outstanding discovery, are hereby DENIED as moot.

---

[2] Exhibit A lists each document by the Bates stamp number produced by Defendants.

IT IS SO ORDERED.

DATED: February 28, 2013

_____
Hon. William V. Gallo
U.S. Magistrate Judge

**EXHIBIT A**

| **DEFENDANTS' IA REPORT - REDACTED PAGES (BATES NOS. 2397 - 2430)** | | | |
|---|---|---|---|
| Bates Stamp # | Produce | Do Not Produce | Comments |
| 2397 | X | | Redact first line after "Conclusions. |
| 2398 | X | | |
| 2399 | X | | |
| 2400 | X | | Redact paragraph immediately before the heading, "Investigator Note." |
| 2401 | X | | |
| 2402 | X | | Redact fifth paragraph, which begins immediately after the sentence, "Yes Office Savage did." |
| 2403 | X | | |
| 2404 | X | | |
| 2405 | X | | Redact the last two paragraphs. |
| 2406 | X | | Redact the first paragraph, which is continued from the previous page. Redact the last two paragraphs. |
| 2407 | X | | Redact the entire page, except for the last three lines. |
| 2408 | X | | |
| 2409 | X | | |
| 2410 | X | | |
| 2411 | X | | |
| 2412 | X | | |
| 2413 | X | | |
| 2414 | X | | |
| 2415 | X | | |
| 2416 | X | | |
| 2417 | X | | Redact the ninth paragraph, which begins immediately after the words, "of about six feet." Redact the tenth paragraph, which consists of one line. |

**EXHIBIT A**

| | | | |
|---|---|---|---|
| 2418 | X | | |
| 2419 | X | | Redact paragraphs four, five, and six. Paragraph four begins immediately after the words, "side door handle." |
| 2420 | X | | |
| 2421 | X | | |
| 2422 | X | | |
| 2423 | X | | Redact the last paragraph. |
| 2424 | X | | Redact the first paragraph, which is continued from the previous page. Redact the second paragraph, which consists of one line. |
| 2425 | X | | |
| 2426 | X | | Redact paragraphs six, seven, and eight. Paragraph six begins immediately after the words, "caused it..." Paragraph eight consists of one line. |
| 2427 | X | | Redact the last paragraph. |
| 2428 | X | | Redact the first line. |
| 2429 | X | | |
| 2430 | X | | Redact paragraphs one and two. Paragraph two consists of one line. Redact the last sentence on this page. |