1  JAN I. GOLDSMITH, City Attorney
   ANDREW JONES, Executive Assistant City Attorney
2  JENNIFER K. GILMAN, Deputy City Attorney
   California State Bar No. 231447
3          Office of the City Attorney
           1200 Third Avenue, Suite 1100
4          San Diego, California 92101-4100
           Telephone:  (619) 533-5800
5          Facsimile:   (619) 533-5856

6  Attorneys for Defendants CITY OF SAN DIEGO,
   OFFICER D. McCLAIN, OFFICER A. SAVAGE,
7  OFFICER D. SACCO, and OFFICER
   C. HERNANDEZ
8
                    UNITED STATES DISTRICT COURT
9
                    SOUTHERN DISTRICT OF CALIFORNIA
10

11 | SHANNON ROBINSON, DANTE HARRELL, | Case No.  11cv0876 AJB (WVG)
12 | Plaintiffs, | **DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ANY REFERENCE TO INTERNAL AFFAIRS INVESTIGATIONS**
13 | v. |
14 | CITY OF SAN DIEGO, WILLIAM LANSDOWNE, ARIEL SAVAGE, an | **[2 OF 5]**
15 | individual, DANIEL MCLAIN, an individual, DANIEL SACCO, an | Judge:  Hon. Anthony J. Battaglia
16 | individual, CARLOS HERNANDEZ, an | Courtroom:  3B (Schwartz)
17 | individual, MATTHEW DOBBS, an | Trial: September 16, 2013
18 | individual, DORINDA DODD, an individual, and DOES 1-50, inclusive. |
19 | Defendants. |

23    Defendants CITY OF SAN DIEGO and SAN DIEGO POLICE OFFICERS SAVAGE,
24 McCLAIN, SACCO, and HERNANDEZ move the Court for an order excluding any reference,
25 testimony, evidence or argument regarding investigation files of the San Diego Police
26 Department's Internal Affairs ("IA") investigation involving any of the Defendant police officers.
27 ///
28 ///

1   The incident underlying the instant matter occurred on March 30, 2010.  On February 28, 2013, the Court ordered Defendants to produce redacted pages of the IA file generated as a result of the incident.  (Doc. No. 65.)  As discussed further below, those documents contain inadmissible hearsay statements.  Furthermore, Plaintiffs will be able to elicit testimony from the Plaintiffs and the officers regarding the events of the incident.  As such, the IA files are neither admissible nor necessary for the Plaintiffs' case.

With respect to other IA files, one prior matter involved two of the defendants (SAVAGE and McCLAIN) four years prior to the incident (2006) where the complainant alleged the officers arrested him without cause when the complainant had made criminal threats.  The complainant also alleged that the offers had no right to take his 12 firearms.  The subsequent IA investigation files related thereto are not relevant to the instant matter.

One prior matter involved a different defendant (HERNANDEZ) a month before the incident where the complainant alleged that the officer's body came in contact with the complainant's and that the complainant's wrist was twisted.  The subsequent IA files related thereto are not relevant to the instant matter.

All other IA matters for the officers took place *after* the incident in question in the instant case, as follows:

- McClain – June 29, 2011 (complainant alleged handcuffs were too tight)
- Savage – June 23, 2011 (complainant alleged unlawful arrest and further alleged that while transporting the complainant to the sobering center, the officer accelerated and braked abruptly and used inappropriate language)

Included with the investigative reports are irrelevant interviews, conclusions, and opinions of police officers, as well as civilian witnesses. Defendant expects that Plaintiff will attempt to refer to the Internal Affairs investigation files and reports including findings, conclusions, and interviews of witnesses pertaining to the matters outlined above. Defendant objects to the introduction of this evidence pursuant to Rules 401, 402, 403, 801 and 802 of the Federal Rules of Evidence.

///

During the course of this litigation, the only IA file provided to Plaintiffs, pursuant to Court Order (Doc No. 44) was the file generated as a result of the underlying incident in the above-captioned matter. In that Order, the Court indicated that "Defendants shall redact all conclusions and impressions, and personal and confidential information from the documents." Doc. No. 44. Subsequently, following a motion by Plaintiffs, the Court subsequently ordered some of the redacted documents to be produced. Doc. No. 65.

# I

# IRRELEVANT EVIDENCE IS INADMISSIBLE

Federal Rules of Evidence, Rule 401, provides as follows:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Evidence need not prove anything but only must have tendency to prove fact in issue. *U.S. v. Boulware*, 384 F.3d 794, 805 (9th Cir. 2004). A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).)

Federal Rules of Evidence Rule 402 provides, in relevant part, that "[E]vidence which is not relevant is not admissible." Fed. R. Evid. 402.

At trial, Plaintiffs will assert claims for unlawful detention, retaliation, excessive force, arrest without probable cause, false imprisonment, assault, battery, intentional infliction of emotional distress, negligence, violation of California Civil Code section 52.1, and permanent injunctive relief against defendants. A 2006 arrest where the complainant made criminal threats and had 12 firearms, and a 2010 event where a complainant complained about the officer's body coming in contact with the complainant are not relevant to the instant matter. Moreover, events that occurred *after* the event in question have no bearing on Plaintiff's claims in the matter at hand. Thus, any referenced to these matters and IA investigation files should not be admissible in the instant case.

## II

## THE INTERNAL AFFAIRS INVESTIGATION FILES ARE INADMISSIBLE HEARSAY

An out-of-court statement is hearsay and inadmissible when the inference the proponent wants the trier of fact to draw from the statement depends on its truth. *Mahone v. Lehman*, 347 F.3d 1170, 1173 (9th Cir. 2003). Witness statements contained in the report are not admissible unless the witness had a duty to report accurately any information relevant to such report. *U.S. v. Bortnovsky*, 879 F.2d 30, 34 (2nd Cir. 1989). It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted but that statements made by third persons under no business duty to report may not. *U.S. v. Pazsint*, 703 F.3d 420, 424 (9th Cir. 1983); *United States v. Sims*, 617 F.2d 1371, 1377 (9th Cir. 1980); *United States v. Smith*, 521 F.2d 957, 964 (D.C.Cir. 1975); *Colvin v. United States*, 479 F.2d 998, 1003 (9th Cir. 1973); *Vanderpool v. A-P-A Transport Corp.*, 1992 WL 158418 (Ed. PA). The Court has discretion to exclude evidence that is cumulative of evidence already in the record. See *United States v. Hicks*, 103 F.3d 837, 847 (9th Cir. 1996) (overruled on other grounds in *United States v. W.R. Grace,* 526 F.3d 499, 503 (9th Cir. 2008)) – exclusion of expert testimony on inadequacy of eyewitness identification was not an abuse of discretion where same information was conveyed through cross-examination and jury instruction.

Defendants object to the use of the statements pursuant to Rules 801 and 802 of the Federal Rules of Evidence. With limited exceptions, a hearsay statement is not admissible evidence. Fed. R. Evid. 802. Rule 801(c) of the Federal Rules of Evidence defines hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. In the absence of a procedural rule or statute, hearsay is inadmissible unless it is defined as non-hearsay or falls within a hearsay exception. *Orr v. Bank of America*, 285 F.3d 764, 778 (9th Cir. 2002).

The statements made to the Internal Affairs unit during its investigation of the incidents set out above are clearly out-of-court statements precluded from introduction into evidence by Rule 801 of the Federal Rules of Evidence. The findings, conclusions, thought processes of, factual inferences and deductions drawn by the investigating officers concerning such matters as

the credibility of witnesses or the significance, strength, or lack of evidence are not relevant and should not be admissible at trial.

### III

### INTERNAL AFFAIRS INVESTIGATION FILES ARE NOT RELEVANT AND ALLOWING ANY REFERENCE TO SUCH INVESTIGATION FILES WOULD BE UNDULY PREJUDICIAL TO DEFENDANT

In order for evidence to be admissible, evidence must be relevant, and its probative value must be substantially outweighed by the danger of unfair prejudice or confusing the jury. Fed. R. Evid. 402, 403; *Duran v. City of Maywood*, 221 F.3d 1127, 1133 (9th Cir. 2000). "Once the probative value of a piece of evidence is found to be substantially outweighed by the danger of unfair prejudice, there is no other evidentiary rule that can operate to make that same evidence admissible." *U.S. v. Benavidez-Benavidez*, 217 F.3d 720, 725 (9th Cir. 2000).

Allowing Plaintiff to make any reference to the Internal Affairs investigation files outlined above would be unduly prejudicial. With the exception of the IA Investigation conducted as a result of the underlying incident, the investigations are completely irrelevant to the case at hand and the sole purpose of introducing any testimony or evidence of same would be to unduly prejudice Defendants and confuse the jury. As to the IA Investigation conducted as a result of the underlying incident, the investigations are inadmissible hearsay without an exception and Plaintiffs can elicit testimony from the witnesses regarding the incident. Again, then, the only purpose of introducing the IA Investigation would be to unduly prejudice the Defendants and confuse the jury. The evidence that Plaintiffs seek to elicit can be done through other sources.

### IV

### CONCLUSION

Based on the foregoing, it is respectfully requested that this Court grant the relief requested and order Plaintiff and his counsel to refrain from making reference to, or introducing any testimony, evidence, or argument regarding investigations, files and/or reports of the San Diego Police Department's Internal Affairs investigation involving Defendants, as outlined above.

///

1 | Dated: August 23, 2013

JAN I. GOLDSMITH, City Attorney

By    */s/Jennifer K. Gilman*
      JENNIFER K. GILMAN
      Deputy City Attorney

Attorneys for Defendants
City of San Diego and Officers Savage,
McClain, Sacco, and Hernandez